IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 21-cv-3491-WJM-STV

C. SEBASTIAN ROBLEDO-VALDEZ,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
DEAN WILLIAMS,
TRAVIS TRANI,
ANTHONY DECESARO,
MARSHALL GRIFFITH,
SCOTT DAUFFENBACH,
BOBBY MAYES,
JUSTIN TORIBIO,
SERGEANT BUSTAMANTE,
SERGEANT COOK,
SERGEANT CORNEJOS,
SERGEANT FISCHER,
OFFICER GUSTIN,
MARK FAIBAIRN,
LINDSAY GOUTY,
MISTY ZADE,
STEPHANIE SANDOVAL,
JOHN DOE SERGEANT,

    Defendants.

---

### ORDER ADOPTING JUNE 13, 2022 RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

This matter is before the Court on the June 13, 2022 Report and Recommendation of United States Magistrate Judge Scott T. Varholak (the "Recommendation") (ECF No. 66) that the Court deny Plaintiff's Emergency Motion for

Injunctive Relief and Extension.  (ECF No. 59.)  The Recommendation is incorporated herein by reference.  See 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

Plaintiff filed an objection to the Recommendation ("Objection").  (ECF No. 72.)  For the reasons set forth below, Plaintiff's Objection is overruled and the Recommendation is adopted in its entirety.

## I. BACKGROUND

Plaintiff Craig Sebastian Robledo-Valdez is an inmate currently imprisoned at the Sterling Correctional Facility ("SCF").  (ECF No. 38 at 4.)  Plaintiff filed the instant action against the Colorado Department of Corrections ("CDOC") and a number of CDOC employees.  (See generally ECF No. 38.)  In the Amended Complaint, Plaintiff alleges that Defendants—either individually or through their responsibility for CDOC policy—applied a "blackbox" on Plaintiff in a manner which caused injury.  (Id. at 7.)  According to Plaintiff, the purpose of the blackbox is to cover the keyhole of handcuffs during transport.  (Id.)  Plaintiff alleges that vertical application of the blackboxes—as opposed to horizontal application—causes pain, torture, injury, and discomfort.  (Id.)

Plaintiff's Amended Complaint brings four claims for relief.  (ECF No. 38.)  Claim One alleges Eighth Amendment violations stemming from abuse of discretion, malicious intent, and unlawful policies as to the vertical use of blackboxes.  (Id. at 8–11.)  Claim Two alleges Eighth Amendment violations stemming from torture and the willful infliction of pain as it relates to the vertical use of blackboxes on Plaintiff.  (Id. at 12–14.)  Claim Three alleges deliberate indifference and excessive force under the Eighth Amendment, also for vertical use of the blackboxes. (Id. at 16–17.)  Claim Four alleges First Amendment violations, PLRA interference, and conspiracy to interfere with Plaintiff's

rights, arguing that Defendants' imposition of grievances restrictions on Plaintiff has interfered with zhis[1] rights. (*Id.* at 18–19.) Plaintiff sues Defendants in both their individual and official capacities and seeks monetary, declaratory, and injunctive relief. (*Id.* at 2–6, 21.)

Plaintiff filed the instant Motion on May 23, 2022. (ECF No. 59.) According to the Motion, Defendants stole $785 that had been reimbursed to Plaintiff's inmate account from Jefferson County Court. (*Id.* at 1.) Plaintiff further alleges that Defendants stole $102.99 from Plaintiff in library book fines. (*Id.* at 2.) As a result of these actions, Plaintiff's inmate account balance is -$117.14, and Plaintiff alleges zhe can no longer purchase hygiene items, pens, paper, or envelopes. (*Id.*) Plaintiff asserts that zhe did not receive due process for the seizure of zhis money, and that this action will cause zhim to be "destitute for 3 to 6 months." (*Id.* at 3.) The Motion seeks an order instructing Defendants to "cease all garnishments in excess of statutory 40% limits," the return of $102.88, and an extension of case deadlines. (*Id.*) Defendants filed a response to the Motion on June 7, 2022. (ECF No. 65.)

On June 13, 2022, Judge Varholak issued his Recommendation, which first concluded that Plaintiff failed to show a substantial likelihood of success on the merits. (ECF No. 66 at 4.) Specifically, in the Motion, Plaintiff seeks relief not requested in the Complaint, based upon conduct not alleged in the Complaint. (*Id.*) As such, Judge Varholak found that due to the "tangential relationship between the Motion and the conduct alleged in the Complaint," Plaintiff failed to satisfy the first requirement for a preliminary injunction. (*Id.* (citing *Hicks v. Jones*, 332 F. App'x 505, 507 (10th Cir. 2009)

---

[1] Plaintiff's pronouns are "zhe/zhis/zhim." (*See* ECF Nos. 38 at 7; 59 at 2; 65 at 2 n.1.)

(affirming district court's denial of injunctive relief where inmate's original complaint alleged that prison failed to protect inmate from his cellmate, but injunction sought to keep inmate in protective custody); *Robledo-Valdez v. Dick*, 2020 WL 468053, at *17 (D. Colo. Jan. 29, 2020) (summarily rejecting request for preliminary injunction relating to garnishments of inmate accounts because the "Amended Complaint challenges the various Defendants' failure to protect [plaintiff] from known risks of physical violence," not inmate account garnishments, and therefore plaintiff "cannot possibly show a likelihood of success on the merits of a claim involving garnishments because no such claim exists in this case")).)

Next, Judge Varholak found that Plaintiff failed to demonstrate irreparable harm because rather than focusing on ongoing or future harm, Plaintiff's Motion instead focuses on the fact that zhis funds have been taken in the past. (*Id.* at 5.) Moreover, Plaintiff failed to show that zhe could not be compensated by money at a later date.

Third, Judge Varholak concluded that Plaintiff failed to make any showing that the balance of equities or the public interest favor granting the requested preliminary injunction. (*Id.* at 6.)

Finally, Judge Varholak addressed Plaintiff's request for 90-day extension of case deadlines. (*Id.*) In determining that the request should be denied, Judge Varholak observed that Plaintiff's only case deadline was a deadline for service of process, and the majority of Defendants had been served. Plaintiff failed to demonstrate good cause for any further extension of the deadline. (*Id.*)

Based on the foregoing, Judge Varholak recommended that the Court deny the Motion. (*Id.* at 7.)

## II. STANDARD OF REVIEW

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." In the absence of a timely and specific objection, "the district court may review a magistrate . . . [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record."). An objection to a recommendation is properly made if it is both timely and specific. *United States v. One Parcel of Real Property Known as 2121 East 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* (quoting *Thomas*, 474 U.S. at 47). In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

Because Plaintiff is proceeding *pro se*, the Court must liberally construe zhis pleadings. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Trackwell v. United States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007). The Court, however, cannot act as an advocate for Plaintiff, who must still comply with the fundamental requirements of the Federal Rules of Civil Procedure. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

A preliminary injunction is an extraordinary remedy; accordingly, the right to relief must be clear and unequivocal.  *See, e.g., Flood v. ClearOne Commc'ns, Inc.*, 618 F.3d 1110, 1117 (10th Cir. 2010).  To meet this burden, a party seeking a preliminary injunction must show: (1) a likelihood of success on the merits, (2) a threat of irreparable harm, which (3) outweighs any harm to the non-moving party, and that (4) the injunction would not adversely affect the public interest.  *See, e.g., Awad v. Ziriax*, 670 F.3d 1111, 1125 (10th Cir. 2012).

### III. ANALYSIS

In his Objection to the Recommendation, Plaintiff fails to address any of the findings in the Recommendation.  (*See* ECF No. 72.)  Instead, zhe merely reiterates various federal statutes zhe claims supports the Motion, states that Defendants must follow the law, states that Defendants have no immunity, and states that it is in the public interest to ensure that governmental agencies obey the rule of law and protect constitutional rights.  Zhe states that it is "not about this Court micromanaging the CDOC, rather it is about CDOC obeying federal laws."  (*Id.* at 2.)

Having reviewed Plaintiff's Objection in its entirety, the Court finds that Plaintiff never truly challenges the heart of Judge Varholak's Recommendation, namely, that zhe has failed to satisfy any of the four elements necessary to obtain a preliminary injunction.[2]  Therefore, Plaintiff's Objection is insufficient to trigger *de novo* review.  *See Silva v. US Bank, Nat'l Assoc. as Tr. under Pooling & Serv. Agreement dated as of Feb. 1, 2007*, 2018 WL 10561514, at *1 (D. Colo. Mar. 19, 2018) (citing *Strepka v. Sailors*,

---

[2] To the extent Plaintiff even *mentions* the public interest element in his Objection, the Court has reviewed the objection *de novo* and finds that Plaintiff has not demonstrated that the public interest favors granting the Motion and entering a preliminary injunction.

494 F. Supp. 2d 1209, 1230 (D. Colo. 2007) ("A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review.")).

In the absence of a timely and specific objection, "the district court may review a magistrate . . . [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *see also* Fed. R. Civ. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). The Court concludes that Judge Varholak's analysis was thorough and sound, and that there is no clear error on the face of the record.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff's Objection (ECF No. 72) is OVERRULED;
2. The Report and Recommendation (ECF No. 66) is ADOPTED in its entirety; and
3. Plaintiff's Emergency Motion for Injunctive Relief and Extension (ECF No. 59) is DENIED.

Dated this 16th day of December, 2022.

BY THE COURT:

William J. Martinez
United States District Judge